**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>**RICHARD M. BLOSSER**,<br><br>Debtor. | Case No. **2:26-bk-20082-BPH** |
| **DARCY M. CRUM,** as Chapter 7 Trustee of the substantively consolidated bankruptcy estates of Richard M. Blosser, Pathfinder Wealth Advisors LLC, and Sanctuary Partners LLC,<br><br>Plaintiff,<br><br>v.<br><br>**PAMELA J. BLOSSER,** individually and in her capacity as sole successor trustee of the FLORENCE G. COLLINS TRUST**,**<br><br>Defendant. | Adv. No. **2:26-ap-02008-BPH** |

**ORDER**

In this adversary proceeding, Plaintiff Darcy M. Crum, Chapter 7 Trustee, ("Trustee") filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" on September 2, 2026, at ECF No. 4 ("Motion"). The Trustee's Motion seeks to preserve real property located at 2229 Howard Avenue, San Carlos, California, 94070 (the "San Carlos Property") and its identifiable sale proceeds. A hearing was held on the Motion on September 8, 2026. Debtor Richard M. Blosser provided testimony. Exhibits A,[1] 1, 2, 5, 13, 15, 16, 17, 18, 20, 23, 27, 30, 32, 35, 36 and 37 were admitted without opposition.

Pursuant to Fed. R. Bankr. P. 7065, Fed. R. Civ. P. 65 applies in adversary proceedings, with the exception that the Court may waive any bond required of the moving party pursuant to Fed. R. Civ. P. 65(c).[2] Fed. R. Civ. P. 65(a) allows the Court to issue a preliminary injunction on

[1] Exhibit A is a bank statement the Trustee inadvertently omitted from her witness and exhibit list, but available on the docket in Debtor's underlying bankruptcy case.

[2] The Court did so when it granted the Trustee's request for a temporary restraining order issued on September 2, 2026, at ECF No. 6 ("TRO"). The TRO is incorporated by reference in this Order.

notice to the adverse party. A plaintiff seeking a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014). Notably, the legal standards applicable to "temporary restraining orders and preliminary injunctions are substantially identical." *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017).

Consistent with prior hearings, testimony from Debtor and exhibits introduced by the Trustee show that funds have moved freely among Debtor, substantively consolidated debtors Sanctuary Partners LLC and Pathfinder Wealth Advisors LLC, and the Florence G. Collins Trust, such that the Trustee may have an interest in the San Carlos property. For the reasons stated in the TRO, the likelihood of success on the merits, the chances of irreparable harm, the balance of equities, and the public interest all weigh in favor of implementing a preliminary injunction. The evidence introduced at the September 8 hearing only strengthens the Trustee's position. Accordingly,

IT IS ORDERED:

1. Trustee's Motion is granted and the Court finds an indefinite preliminary injunction is necessary to preserve the status quo, pending resolution of this adversary proceeding.
2. Pamela J. Blosser ("Pamela"), individually and as trustee of the Collins Trust, her agents, and anyone acting in active concert or participation with them shall not sell, transfer, further encumber, or otherwise dispose of the San Carlos Property, or withdraw, transfer, pledge, spend, conceal, or disburse any proceeds related to the San Carlos Property, except as paragraphs 3 & 4 permit.
3. Pamela is authorized to engage in arm's length negotiations with potential buyers, so long as the Trustee is advised of the status and terms. Pamela shall provide all documents regarding the transaction to the Trustee as they are received, including, without limitation, a complete copy of any executed agreement concerning any sale, the identity of any escrow holder/title company, and all title and closing documents (including preliminary title reports and closing statements).
4. Any arm's-length sale of the San Carlos Property may close only if all <u>net seller proceeds</u> are disbursed directly to Darcy M. Crum, in her capacity as the Chapter 7 Trustee, unless this Court directs otherwise.
5. <u>Net seller proceeds</u> means the sale price less only documented payoffs of existing bona fide liens and ordinary closing costs, including taxes, prorations, and commissions, payable to independent third parties. No payment to Pamela, Debtor, a Trust beneficiary, or another insider, or on a preexisting unsecured debt, is permitted without further order. Pamela shall provide Trustee's counsel current payoff demands and the proposed settlement statement at least one business day before closing, and the final statement and amount retained within one business day after closing.

6. On receipt of the net seller proceeds, Trustee will hold the net seller proceeds pending entry of a final order in this adversary proceeding, or other order from this Court that provides for the disposition of the net seller proceeds.

7. Any notice by third parties may be accomplished through written correspondence, including email, to Pamela and the Trustee, and such correspondence shall be filed with the Court by the Trustee.

8. The Trustee shall immediately serve Pamela and Debtor, via email, with this Order and promptly file proof of service.

9. Pursuant to 11 U.S.C. § 105(a), any financial institution, title company, or escrow officer, possessing, holding, or controlling proceeds from any sale of the San Carlos Property shall freeze that property, suspend withdrawal and transfer authority, and permit no disposition of the property except as directed by this Court.

10. Trustee may cause a *lis pendens* to be recorded to ensure notice of her alleged interest in 2229 Howard Avenue, San Carlos, California, 94070, San Mateo County, and any proceeds from the sale thereof, is of record until entry of a final order in this adversary proceeding.

IT IS FURTHER ORDERED:

1. The evidentiary record shall be held open and a further hearing on the Motion shall be held on **October 15, 2026, at 9:00 a.m.**, or as soon thereafter as the parties may be heard, in the BANKRUPTCY COURTROOM, RUSSELL SMITH COURTHOUSE, 201 EAST BROADWAY, MISSOULA, MONTANA.

2. This continued hearing on October 15, 2026, is conditioned on Pamela's retention of counsel individually, retention of counsel to represent the Florence G. Collins Trust, or both.

3. If counsel for Pamela or Florence G. Collins Trust seeks to terminate, annul, modify or condition this injunction, counsel shall file any motion requesting such relief on or before **October 1, 2026.** Any witness or exhibit lists shall be filed on or before **October 8, 2026.**

Dated September 8, 2026.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana